# KIRKLAND & ELLIS LLP

Jay P. Lefkowitz, P.C.
To Call Writer Directly:
+1 212 446 4970
lefkowitz@kirkland.com

601 Lexington Avenue
New York, NY 10022
United States

+1 212 446 4800

www.kirkland.com

Facsimile:
+1 212 446 4900

June 3, 2026

Via Electronic Case Filing

Molly C. Dwyer, Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
James R. Browning United States Courthouse
95 Seventh Street
San Francisco, CA 94103

Re: *Cross v. Haleon US Holdings LLC*, No. 25-5345

Dear Ms. Dwyer:

Defendant-Appellee Haleon US Holdings LLC writes in response to Plaintiff's notice of supplemental authority regarding *Panelli v. Target Corporation*, 172 F.4th 1120 (9th Cir. 2026). In *Panelli*, this Court held that the district court erred by "account[ing] for outside, contextual information in its reasonable consumer analysis," without first determining "the label was ambiguous and therefore required the reasonable consumer to account for outside information to interpret the label's claim." *Id.* at 1125-26. The Court found the plaintiff had stated a viable false-advertising claim because the defendant's representation that its "100% cotton" bedsheets had an "800 Thread Count" was unambiguous, and there was thus no need for consumers to consider whether it is physically impossible to achieve thread counts of that magnitude with cotton. *Id.*

*Panelli* has no bearing on this appeal for two independent reasons. First, the district court *did* address the extent to which the challenged phrase "active gum repair" might be ambiguous, and then found that the context confirms a reasonable and truthful interpretation. As the court noted by analogy, "repairing an eroding wall could mean covering it with sealant and preservative, or it could mean rebuilding the wall, depending on the context." ER-10. It was therefore appropriate for the district court to consider "outside, contextual information," *Panelli*, 172 F.4th at 1126, such as the conceded fact that it is impossible for any toothpaste to regrow lost gum tissue, when deciding whether Plaintiff's interpretation of the language was plausible.

Second, regardless of whether a reasonable consumer should know gum restoration is impossible, Plaintiff's construction of the challenged language is implausible when read alongside other language on the front of the package. As Haleon's brief explains, "the full context of the labeling makes clear that Parodontax can provide 'active gum repair' by 'help[ing] reverse signs of early gum damage,' such as bleeding, inflammation, and plaque." Dkt. 20.1 at 13; *see id.* at 20-

## KIRKLAND & ELLIS LLP

Jay P. Lefkowitz
June 3, 2026
Page 2

24.  "A consumer need not have any specialized knowledge about gum disease or stannous fluoride to reach that conclusion; they need only read the very statements on which Plaintiff alleges he relied."  *Id*. at 13-14.

Respectfully submitted,

/s/ *Jay P. Lefkowitz*

Jay P. Lefkowitz

*Attorney for Defendant-Appellee Haleon US Holdings LLC*